SHEETS *v.* PLANTERS' GIN COMPANY.

4-3886

Opinion delivered June 3, 1935.

W. A. Jackson and *Smith & Judkins,* for appellant.

*Arthur L. Adams, H. L. Ponder, Jr.,* and *H. L. Ponder,* for appellees.

BUTLER, J. On August 28, 1931, appellant was injured by a fall from the roof of a gin house, the property of appellee. At the time of his injury he was assisting in repairing the roof. On December 15, 1931, a settlement for the damages occasioned by his injury was effected. He was paid $593.39 and other amounts were paid for his medical and surgical bills aggregating the sum of $400. In consideration of the payment of these sums, he executed a release of all claims arising out of his injury on December 15, 1931.

On the 9th day of February, 1934, appellant filed the suit from which this appeal comes to recover for his injuries, basing the liability of appellee on the alleged negligence of its foreman who, at the time of appellant's injury, was engaged with him in repairing the roof. At the close of the testimony, the trial court directed a verdict in favor of the appellee on the theory that the injury was the result of a risk which appellant had assumed.

A number of questions are presented for our consideration which we deem unnecessary to notice, for the reason that the evidence on behalf of the appellant, viewed in the light most favorable to him, fails to establish any actionable negligence on the part of the appellee. This evidence, briefly stated, establishes the following undisputed facts: appellant is a man of middle age, and, at the time of his injury, had been in the employ of the appellee at its ginnery for an undisclosed period of time. It was necessary to repair the roof of the gin house each

year, and appellant had previously assisted in this work. It was not done the same way each time, but to get upon the roof and to provide for his safety the same means were employed. A ladder about sixteen feet long was used, which, when placed at the side of the building, extended up and beyond the eaves. Upon this ladder appellant would ascend to the roof. A rope would then be thrown to him by one already upon the roof for him to take hold of to prevent him from falling while moving about upon it. On the day appellant was injured he ascended the ladder with a strip of heavy ducking under his left arm and a few nails and hammer in his right hand. As he got even with the eaves of the roof, he stepped one foot upon it, the other remaining on a rung of the ladder. The roof was slippery, as it had been raining that morning. When he reached the point stated, Frank Sheets, who was already upon the roof, threw a rope (which had been used before for the same purpose) to appellant and, as he was attempting to catch it, he slipped and fell from the roof. In appellant's complaint he had alleged that his failure to catch the rope was because it was too short to reach him, but in his testimony he stated that the rope would have been long enough had it straightened out when it was thrown by Frank Sheets; that it kinked, or did not straighten out, so that in reaching for it he lost his balance and fell. There is no evidence of any negligent act on the part of Frank Sheets in throwing the rope or that it was insufficient and unsuited for the purpose intended. The occasion of appellant's fall therefore could not be attributed to any negligence for which the appellee could be held responsible, but was occasioned by a needless risk which he assumed, and the trial court was therefore correct in directing a verdict for the appellee.

The judgment is affirmed.